It is a general rule that a covenant for quiet enjoyment is not broken without an eviction by better title; but it is wholly immaterial whether the eviction is effected by legal process or by private disturbance and molestation. This point was made in one of the cases cited for the plaintiff, but afterwards abandoned as untenable. But if a legal recovery were necessary, I should not hesitate in considering the judgment in an action of trespass quare clasum fregit, as effectual for that purpose; because it is, in this State, a common and convenient mode of trying the title to land, of which there is no actual possession, and because enough appears in the averments of the declaration and the statement of facts to satisfy me that the title was put in issue in that very suit. It would be a strange method of warranting a title to land to leave the purchaser exposed forever to a legal claim of damages whenever he exercised the least act of ownership over it.
With respect to McKethan's judgment, it must be proper evidence to a certain degree in order to show the eviction; but I think it has been decided by this Court in the case of Shober that it is not conclusive upon the seller so as to prevent him from showing, in an action upon the warranty, that he has in fact a better title than the recoverer. *Page 454